**Electronically Filed
Intermediate Court of Appeals
29768
14-JUN-2013
09:13 AM**

NO. 29768

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
PAUL J. MATTES, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 05-1-1092)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Paul J. Mattes timely appeals from the Final Judgment and Sentence, which was entered on June 3, 2009 in the Circuit Court of the First Circuit (Circuit Court),[1] convicting him of one count of perjury in violation of Hawaii Revised Statutes (HRS) § 710-1060 (1993).[2]

Mattes asserts the following seventeen points of error: (1) the Circuit Court erred by denying his oral motion to introduce the audio tape of his interview with Special Agent

---

[1]     The Honorable Richard K. Perkins presided.

[2]     HRS § 710-1060 states,

> (1) A person commits the offense of perjury if in any official proceeding the person makes, under an oath required or authorized by law, a false statement which the person does not believe to be true.

> (2) No person shall be convicted under this section unless the court rules that the false statement is a "materially false statement" as defined by section 710-1000(9). It is not a defense that the declarant mistakenly believed the false statement to be immaterial.

Gregory Gonsalves (Gonsalves), an investigator from the state attorney general's office who interviewed Mattes, because the tape should have been admitted for impeachment purposes under the "best evidence" rule; (2) Mattes lacked the mens rea necessary for conviction because, at trial, he argued that he believed the challenged statements were true and, according to examining physicians, he was not insane; (3) there was a clear lack of proof beyond a reasonable doubt; (4) Mattes's defense was prejudiced when the Circuit Court would not admit his requested evidence; (5) Mattes orally objected to Gonsalves's statements that Mattes viewed the alleged harassment as being tied to the placement of his children into foster custody and Mattes had never met the foster parents; (6) the Circuit Court erred by denying Mattes's motion to strike Gonsalves's testimony; (7) at the trial, after Mattes asked Gonsalves if the petition had a swirl by the signature that, according to Mattes, meant that the name was a pseudonym, Mattes objected on the basis that "[n]ot everything in the petition was mentioned;" (8) Mattes objected that the whole petition was being kept from the jury and that his proposed Exhibit 41 was denied; (9) the transcript of the proceedings from March 23, 2009 indicates that Gonsalves did not write the indictment or transcript of the interview with Mattes; (10) again, the Circuit Court erred by denying Mattes's oral motion to introduce the audio tape of his interview with Gonsalves because the tape should have been admitted for impeachment purposes under the "best evidence" rule; (11) Mattes objected to the jury instruction's omission of the "swirl" from the pseudonym; (12) Mattes objected to the jury instruction's use of the term "defendant" without brackets because, according to Mattes, an entity called the Citizens for Justice Center should have been the defendant; (13) again, Mattes objected to the jury instruction's omission of the "swirl;" (14) yet again, Mattes objected to the jury instruction's omission of the "swirl;" (15) Mattes objected to language in the jury instructions and special verdict form that used the term "official proceeding;" (16) the

2

Circuit Court did not instruct the jury that statements made in the ex parte temporary restraining order petition could not be construed as part of an "official proceeding;" and (17) the Circuit Court erred by refusing all of Mattes's proposed jury instructions.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Mattes's points of error as follows:

(1) Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) 28(b)(7), Mattes is deemed to have waived his fourth, fifth, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, and seventeenth points of error because he did not present discernible arguments in support of these points of error;[3]

(2) Mattes's remaining points of error are without merit.

Therefore,

IT IS HEREBY ORDERED that the June 3, 2009 Final Judgment and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 14, 2013.

On the briefs:

André S. Wooten,
for Defendant-Appellant.

Christopher D.W. Young and
Vince S. Kanemoto,
Deputy Attorneys General,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[3]     Mattes's counsel, André S. Wooten, is cautioned to comply with HRAP 28(b) in the future.  Additionally, in that the reply brief impermissibly attempted to assert new points of error, Wooten is cautioned to comply with HRAP 28(d) in the future.